**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: ALBERT MATHIS FIREBAUGH            Case No: 13-29280 LMI
   and PAMELA ERMA FIREBAUGH,
         Debtor.          /              Chapter 13

**DEBTOR'S MOTION TO HOLD PNC BANK, N.A.,
IN CONTEMPT OF COURT PURSUANT TO 362(k)(1)
and 1327(a) FOR VIOLATIONS OF THE AUTOMATIC STAY
(362(a)(1)-(6)) AND FOR VIOLATIONS OF THE TERMS OF THE
CONFIRMED PLAN, AND FOR AN AWARD OF REASONABLE ATTORNEY FEES**

COMES NOW Debtor, ALBERT MATHIS FIREBAUGH, by and through undersigned counsel, and moves this Honorable Court for an order holding the PNC BANK, N.A., ("PNC BANK") in contempt of court pursuant to 362(k)(1) and 1327(a) for violation of the automatic stay (362(a)(1)-(6)) and of the terms of the confirmed plan, and awarding him a reasonable attorney fee, and as grounds therefore states:

   1.   On February 25, 2014, this Honorable Court entered its *Agreed Order Granting Motion to Value and Determine Secured Status of Lien on Real Property Held by PNC Mortgage (Non-Homestead First Mortgage)* [ECF#62] ("*Agreed Order Valuing Non-Homestead Property*");

   2.   On March 12, 2014, this Honorable Court entered its *Order Confirming* [Debtors'  Third Amended] *Chapter 13 Plan* [ECF#66] ("*Confirmation Order*");

   3.   *Debtors' Third Amended Chapter 13 Plan* [ECF#61] ("*Confirmed 3AP*") provides for payment of PNC BANK's allowed

secured claim as provided for, and set forth in, the *Agreed Order Valuing Non-Homestead Property*;

    4.   Notwithstanding the *Agreed Order Valuing Non-Homestead Property,* the *Confirmed 3AP* and the *Confirmation Order*, on October 21, 2015, PNC BANK, through its counsel, sent a letter ("the *Violating Letter*"), a true and correct copy of which is attached hereto as Exhibit A) to Debtor's tenant advising, *inter alia*, that:

> The mortgage for the property in which you are living is in foreclosure as a result of the property owner's default.  Within the next 60 to 90 days, title to the property is expected to transferred to PNC BANK . . ."

and

> Sometime thereafter, ownership of the property will probably be transferred to . . . HUD

and

> HUD generally requires that there be no on living in properties conveyed . . . as a result of foreclosure.

and

> [FHA's Program] is not a rental program.

and

> " . . you may be able to remain in the property for a limited period of time . . ."

    5.   Upon receipt of the *Violating Letter*, Debtor's tenant advised Debtor that she had received same, and refused to pay her November rent over to Debtor;

6. Debtor relies upon receipt of the monthly rental payments to pay the C*onfirmed 3AP* payments, and without them he is unable to do so;

7. On November 4, 2015, Debtor reported the mailing and receipt of the *Violating Letter* and his tenant's resulting refusal to pay rent to undersigned counsel's office. After requesting and receiving a copy of the *Violating Letter*, undersigned counsel and his Associate, Kelly Roberts, Esquire, reviewed the *Violating Letter*, conferred with one another and with the Debtor, and checked the bankruptcy court docket and the Trustee's Ledger to confirm the Debtor was current on all his obligations under the C*onfirmed 3AP*. Undersigned counsel also directed that Debtor's tenant be contacted and advised that the *Violating Letter* was sent in error, that the rental property was being paid for through the bankruptcy, that the Debtor was current on his bankruptcy payments, that the rental payments were needed to continue to be able to pay for the rental property through the bankruptcy, to call the office if she had any questions, and that undersigned counsel's office will attempt to get PNC BANK's attorneys to send her another letter confirming that the *Violating Letter* was sent in error;

8. Also on November 4, 2015, Kelly Roberts, Esquire, emailed PNC BANK's counsel advising them of the Debtor's desire to avoid intervention of this court in the matter, the fact and the nature of the *Violating Letter*, and the subsequent acts of all parties resulting from the mailing of the *Violating Letter*, and requesting that a corrective letter be sent and that the

attorney fees the Debtor incurred as a result of the *Violating Letter* be paid;

9. On November 5, 2015, PNC BANK's counsel responded via email indicating they would look into the matter. On that same day, undersigned counsel spoke with Attorney Friedlander and it was amicably agreed that a corrective letter would be sent that day to the tenant via overnight delivery, with non-overnight copies to Debtor and undersigned counsel, advising the tenant that the *Violating Letter* was sent in error, that it was completely incorrect, and that she should continue to pay her rent to the Debtor;

10. Later that day, Attorney Concilio retreated from the earlier amicable agreement, stating that although the letter would be sent out that same day, it would not be sent out by overnight delivery, and that although the letter would state that the *Violating Letter* was sent in error and that the property is not scheduled for a foreclosure or transfer to PNC BANK, it would not would specifically advise the tenant to continue to pay her rent to the Debtor;

11. Although Attorney Concilio has agreed in writing that the *Violating Letter* should not have been sent, and despite repeated requests from undersigned counsel that Debtor's reasonable attorney fees be paid, PNC BANK has refused to do so; and

12. The aforementioned acts of PNC BANK on or about October 21, 2015, as well as its October 27, 2015, filing of a

*Motion for Substitution of Counsel for Plaintiff* in the foreclosure case and its providing the foreclosure court an *Order on Motion for Substitution of Counsel for Plaintiff* (entered on October 28, 2015), are all inconsistent with the terms of the *Confirmed 3AP*, and they all are acts that violate 362(a)(1), (2), (3), (4), (5), and/or (6), and they caused Debtor to incur reasonable attorney fees for which PNC BANK is obligated to pay pursuant to 1327(a) and 362(k)(1).

WHEREFORE, Debtor, ALBERT MATHIS FIREBAUGH, prays that this Honorable Court enter an order finding PNC BANK, N.A., in contempt of court for violating the terms of a confirmed plan in contravention of 1327(a) and for violating the automatic stay provided for by 362(a)(1)-(6), sanctioning it by requiring it to pay over to Debtor an award of a reasonable attorney fee pursuant to 105(a) and 362(k)(1), and for such other relief as this Honorable Court may consider just and proper under the circumstances.

                                              Respectfully Submitted,

                                              /s/_James Schwitalla_____
                                              James Schwitalla, Esquire
                                              F.B.N. 911488
                                              Attorney for Debtor
                                              Park Place II
                                              12954 S.W. 133 Court
                                              Miami, Florida 33186
                                              Office (305) 278-0811
                                              Fax (305) 278-0812